```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RONALD G. ROWE,
                                                    10-CV-6220T
                       Plaintiff,

          v.                                        DECISION
                                                    and ORDER
OLTHOF FUNERAL HOME, INC., and
ROBERT L. OLTHOF,

                       Defendant.
_____
```

## INTRODUCTION

Plaintiff Ronald G. Rowe ("Rowe") brings this action pursuant to the Fair Labor Standards Act ("FLSA") and New York State law against defendants Olthof Funeral Home, Inc., ("Olthof") and Robert L. Olthof claiming that he was not properly paid for overtime hours he worked. Specifically, plaintiff, who was employed as Funeral Director for Olthof, claims that the defendants improperly classified him as an exempt employee not entitled to overtime under the FLSA, and that because of this mis-classification, he was not properly compensated for overtime hours, including on-call hours, he worked.

Defendants now move for summary judgment on grounds that as a matter of law, plaintiff was properly classified as an exempt employee, and therefore was not entitled to overtime compensation under the FLSA. Plaintiff cross moves for summary judgment, contending that he is entitled to overtime payment under the FLSA. For the reasons set forth below, I grant defendants' motion for

summary judgment, and deny plaintiff's cross motion for summary judgment.

## BACKGROUND

Plaintiff Ronald G. Rowe was employed as a licensed funeral director by defendant Olthof Funeral Home, Inc., from August 2006 to February, 2010. Prior to his employment as a licensed funeral director, Rowe completed a one-year residency with Olthof as part of his licensing requirements in New York State. While employed with Olthof, Rowe was paid exclusively on a salary basis.

As a Funeral Director, Rowe was generally responsible for removing bodies of deceased persons from the locations of their death, transporting bodies to the Olthof Funeral Home in Elmira, New York, embalming bodies, dressing embalmed bodies and placing them in caskets, and cremating bodies. With respect to cremation, Rowe testified that he spent between 30% and 45% of his time performing cremations, and that he directed two employees to perform work in the crematory. Rowe contends that he spent less than one percent of his work hours making funeral arrangements with families or supervising funerals.

Rowe claims that in addition to working his daily shift of 8:30 a.m to 5:00 p.m., he was required to be on-call five nights a week for the first 3 and a half years of his employment, and four nights a week during the last year and a half of his employment. When on-call, Rowe stated that he was required to pick up deceased

bodies and transport them to the funeral home regardless of the time of day.

According to the defendants, in February, 2010, Rowe cremated a body with a piece of jewelry still on it, in violation of Olthof's cremation policies. The defendants claim that Olthof then attempted to conceal his mistake from Robert Olthof. Upon learning of the policy violation, and the alleged attempt to cover it up, Robert Olthof terminated plaintiff's employment.

## DISCUSSION

### I.  Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." When considering a motion for summary judgment, all genuinely disputed facts must be resolved in favor of the party against whom summary judgment is sought. Scott v. Harris, 550 U.S. 372, 380 (2007). If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate. Scott, 550 U.S. at 380 (citing Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-587 (1986)).

II. <u>FLSA</u>

The Fair Labor Standards Act provides in relevant part that subject to certain enumerated exemptions, those employees who work in excess of 40 hours in a workweek are entitled to compensation at a rate of one-and-one-half times their regular rate of pay. 29 U.S.C. § 207. The FLSA, however, exempts from overtime-pay requirements employees who are "employed in a bona fide executive, administrative, or professional capacity . . . ." 29 U.S.C. § 213. Where an employee who is not receiving overtime compensation contends that he is entitled to such compensation under the FLSA, it is incumbent upon the employer to establish by clear and convincing evidence that one of the FLSA's exemptions to the overtime requirements applies, and therefore the employee is not entitled to overtime pay. <u>Idaho Sheet Metal Works, Inc. v. Wirtz</u>, 383 U.S. 190 (1966); <u>Shockley v. City of Newport News</u>, 997 F.2d 18, (4th Cir. 1993). In doing so, the employer must establish that the employee "fit[s] plainly and unmistakably within [the exemption's] terms." <u>McGrath v. City of Philadelphia</u>, 864 F.Supp. 466, 483-84 (E.D. Pa. 1994)(<u>quoting</u> <u>Arnold v. Ben Kanowsky, Inc.</u>, 361 U.S. 388, 392 (U.S. 1960).

In the instant case, the defendants contend that plaintiff is a professional employee who is not entitled to overtime compensation. To establish whether an employee is a professional employee exempt from overtime requirements, courts employ a two-

part test devised by the Secretary of Labor, and set forth in the Regulations promulgated by the Secretary. The first component of the two-part test is the "salary test" whereby the court determines whether or not the employee is paid on a salary basis. 29 C.F.R. § 541.602(a). The second component is the "duties test" whereby a court determines whether or not the duties performed by the employee are duties typically performed by a bona fide "learned professional. 29 C.F.R. § 541.301. Because I find that defendants have established by clear and convincing evidence that Rowe satisfies the requirements of a professional employee under the salary and duty tests, I find that they have established, as a matter of law, that Rowe is a professional employee not entitled to overtime under the FLSA. See In re Novartis Wage and Hour Litigation, 611 F.3d 141, 150 (2nd Cir., 2010)("Whether the duties of a job qualify an employee for a FLSA exemption is a question of law.")

    A.   The Salary Test

To be considered exempt from overtime provisions as a "learned professional," the employee must not only be a bona fide learned professional employee, but must also be paid not less than $455.00 per week on a salary or fee basis. 29 C.F.R. § 541.300. To determine whether or not an employee is paid on a salary basis, courts apply a "salary test" as set forth in 29 C.F.R. § 541.602(a). Pursuant to the test:

> An employee will be considered to be paid "on a salary basis" within the meaning of these regulations if the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed. Subject to . . . exceptions provided [in the regulations], an exempt employee must receive the full salary for any week in which the employee performs any work without regard to the number of days or hours worked. Exempt employees need not be paid for any workweek in which they perform no work. An employee is not paid on a salary basis if deductions from the employee's predetermined compensation are made for absences occasioned by the employer or by the operating requirements of the business. If the employee is ready, willing and able to work, deductions may not be made for time when work is not available.

29 C.F.R. § 541.602(a).

In the instant case, the defendants have demonstrated that Rowe was paid more than $455.00 per week, and was paid on a salary basis as that term is defined under 29 C.F.R. § 541.602(a). Plaintiff has not provided any evidence suggesting that he was not paid on a salary basis, and therefore I find that the defendants have established that Rowe was paid on a salary.

B. The "Duties" Test

To determine whether or not an employee is a "learned professional" under the duties test, the regulations provide that:

> To qualify for the learned professional exemption, an employee's primary duty must be the performance of work requiring advanced knowledge in a field of science or learning customarily acquired by a

>  prolonged course of specialized intellectual instruction. This primary duty test includes three elements:
>
>  (1) The employee must perform work requiring advanced knowledge;
>
>  (2) The advanced knowledge must be in a field of science or learning; and
>
>  (3) The advanced knowledge must be customarily acquired by a prolonged course of specialized intellectual instruction.

29 C.F.R. § 541.301(a). The term "work requiring advanced knowledge" is defined as

> work which is predominantly intellectual in character, and which includes work requiring the consistent exercise of discretion and judgment, as distinguished from performance of routine mental, manual, mechanical or physical work. An employee who performs work requiring advanced knowledge generally uses the advanced knowledge to analyze, interpret or make deductions from varying facts or circumstances.

29 C.F.R. § 541.301(b)

In addition to this general test for determining whether or not an employee qualifies as a learned professional, the regulations also address the position of "Funeral Director" specifically, providing that:

> Licensed funeral directors and embalmers who are licensed by and working in a state that requires successful completion of four academic years of pre-professional and professional study, including graduation from a college of mortuary science accredited by the American Board of Funeral Service Education, generally meet the duties requirements for the learned professional exemption.

29 C.F.R. § 541.301(e)(9)

Plaintiff contends that because the State of New York requires only an associates degree to become a licensed funeral director, funeral directors in New York are not exempt from overtime compensation, and must be paid overtime compensation for overtime hours worked.

I find, however, that the regulations do not mandate such a result. While Section 541.301(e)(9) of the regulations provides that licensed Funeral Directors who are required to have four-year degrees, will "generally" meet the learned professional exemption, the regulation does not preclude a finding that a funeral director with a two-year degree may also be a learned professional, depending on whether or not the funeral director satisfies the duties test for learned professionals.[1]  Accordingly, I find that to determine whether or not the plaintiff is an exempt or non-exempt employee, the court must consider the duties performed by the plaintiff in the course of his employment, and determine whether the duties performed are those of a learned professional. Such an inquiry comports with the notion that the determination of whether or not an employee qualifies as a learned professional under the regulations is "intensely fact bound and case specific"

---

[1] Section 541.301(e)(9) also leaves open the possibility that a funeral director with a four-year degree could be deemed non-exempt, depending on his duties.  While a funeral director with a four-year degree will "generally" be considered exempt, presumably, if the position does not satisfy the duties test, the director will be considered non-exempt despite holding a four-year degree.

Bohn v. Park City Group, Inc., 94 F.3d 1457, 1461 (10th Cir.1996), and "focus[es] on evidence regarding the actual day-to-day activities of the employee rather than more general job descriptions contained in resumes, position descriptions, and performance evaluations." Shaefer v. Ind. Mich. Power Co., 358 F.3d 394, 401 (6th Cir.2004); Birkemose-Hansen v. Zwanenberg Food Group (USA), Inc., 2010 WL 2854128, *6 (S.D. Ohio, 2010).

    1. The Work Performed by Plaintiff Required Advanced Knowledge

In the instant case, the evidence in the record reveals that Rowe almost exclusively engaged in work that required the consistent exercise of discretion, judgment and higher learning. It is undisputed that Rowe generally performed body removals by himself, and used his discretion and judgment when dealing with the families or loved ones when removing a body.  It is further uncontested that Rowe performed embalmings, and did not require permission from any employee or supervisor to perform an embalming, though he was responsible for obtaining permission to embalm from the deceased's family.  He performed embalmings without supervision, instruction or guidance: indeed, Rowe sometimes worked alone at the funeral home.  In cases when an autopsy or organ donation occurred, Rowe used his training and knowledge to suture the body, or use preservatives and other methods to account for such conditions as skin donations, organ donations, or bone

donations, and did so without direction from any other employee or supervisor.

The process of embalming a body required the exercise of discretion and judgment, including making the body look as natural as possible. This process included using a needle injector to force a wire into the upper and lower jaws, and deciding whether or not the body was in rigor mortis, the degree of rigor mortis, and what steps would be necessary to break the rigor. Rowe also relied on his training, skill and judgment to determine the proper mix of embalming fluids to use, a process which he described as ongoing and requiring continual assessment. Preparing the deceased body also required puncturing certain cavities to release bodily fluids and gasses.

With respect to cremations, plaintiff was authorized to conduct cremations without permission from any employee or supervisor, and used his discretion to order supplies when he felt it necessary to do so. On the occasions when Rowe made funeral arrangements with families, including preparing contracts for services, he did so without supervision.

Based upon the duties that the plaintiff was required to perform, I find the Rowe's work required the application of advanced learning and knowledge.

>    2.   The Advanced Knowledge Employed by Plaintiff in his Position as Funeral Director Pertains to a Field of <u>Science or Learning</u>.

Under the second prong of the duties test, to be exempt from FLSA overtime, a learned professional must utilize advanced knowledge that relates to a field of science or learning. The field of science or learning includes:

> various types of physical, chemical and biological sciences, pharmacy and other similar occupations that have a recognized professional status as distinguished from the mechanical arts or skilled trades where in some instances the knowledge is of a fairly advanced type, but is not in a field of science or learning.

29 C.F.R. 541.301(c).

I find that the advanced knowledge required of someone in Rowe's position relates to a field of science in that the embalming and cremation processes require knowledge and application of relevant sciences such as anatomy, biology, and chemistry. Rowe was required to understand the unique problems posed by each body he embalmed, and how to deal with and compensate for variables such as body size, removal of organs or bones, and how long the body had been dead when determining the right mix of chemicals to use to embalm the body. He used his understanding of anatomy when preparing a body for viewing by making the body appear as natural as possible, and determining how to aspirate the body. Because Rowe utilized advanced knowledge that relates to a field of

science, I find that defendant's have established the second prong of the duties test.

> 3. The advanced knowledge used by Rowe is customarily gained through a prolonged course of specialized intellectual <u>instruction</u>.

The third prong of the duties test requires that the employee use knowledge that is "customarily acquired by a prolonged course of specialized intellectual instruction." 29 C.F.R. § 541.301. Pursuant to regulations promulgated by the Secretary of Labor, the phrase "customarily acquired by a prolonged course of specialized intellectual instruction" restricts the learned professional exemption to "professions where specialized academic training is a standard prerequisite for entrance into the profession." 29 C.F.R. § 541.301(d).  The regulations further provide that: "the learned professional exemption is not available for occupations that customarily may be performed with only the general knowledge acquired by an academic degree in any field, with knowledge acquired through an apprenticeship, or with training in the performance of routine mental, manual, mechanical or physical processes."

I find that Rowe's position as a funeral director meets the requirement of employment which utilizes knowledge that is customarily  acquired by a prolonged course of specialized intellectual instruction.  It is undisputed that under New York law, a funeral director may be licensed only after the successful

completion of two years of focused study in an accredited mortuary science curriculum. Following completion of the academic requirements, a prospective funeral director must pass an exam, and then complete a one-year residency program. Following completion of the residency program, the candidate must then pass another exam before he or she can become licensed. This rigorous licensing procedure establishes that in New York State, a prolonged course of specialized instruction is required before a candidate can become a licensed funeral director.

As mentioned above, plaintiff argues that because a funeral director in New York State need only obtain a two-year degree, the defendants have failed to establish that funeral directors acquire their knowledge through a prolonged course of study. Plaintiff has cited no case or statute to support this contention, and in fact, this argument was rejected in Rutlin v. Prime Succession, Inc., 220 F.3d 737, 742 (6th Cir., 2000), one of only two Circuit Court decisions discovered by this court on the issue of whether or not a funeral director is exempt under the FLSA.[2] In Rutlin, the Sixth Circuit Court of Appeals concluded that "a licensed funeral director was a 'learned professional' despite the absence of a college degree requirement because licensing required a specific

---

[2] The two Circuits that have considered the issue of whether or not a funeral director is exempt under the FLSA have both concluded that such employees are exempt as "learned professionals." See Rutlin, 220 F.3d 737, Szarnych v. Theis-Gorski Funeral Home, Inc., 1998 WL 382891 (7th Cir., 1998).

course of study including completion of one year of mortuary instruction and two years of college, with classes in chemistry and psychology and a passing grade on national board tests in embalming, pathology, anatomy, and cosmetology." Solis v. Washington, --- F.3d ----, 2011 WL 3966117, *5 (9th Cir., 2011). Moreover, there is no requirement under the FLSA that the "prolonged course of study" set forth in the duties test be limited to professions requiring a four year degree.  Indeed, some occupations in which a two-year degree is required, such as registered nurses, are considered to be exempt from FLSA overtime requirements. See, e.g., 29 CFR § 541.301 (e)(2)(registered nurses generally exempt from overtime requirements); Bongat v. Fairview Nursing Care Center, Inc., 341 F.Supp.2d 181, 187 (E.D.N.Y., 2004)(registered nurse with two-year degree exempt from FLSA overtime).

Because the defendants have established that Rowe meets all three criteria of the duties test, and satisfies the requirements of the salary test, I find that defendants have demonstrated that Rowe is a learned professional exempt from the overtime provisions of the FLSA.

III. Remaining State Law Claims.

Plaintiff contends that he is entitled to overtime under New York State Law.  However, because I find that plaintiff is exempt as a learned professional under the FLSA, he is, by operation of the New York Labor Law, exempt from overtime under New York State

Law.  See 12 N.Y.C.R.R. 142-2.2 (providing that employers shall pay overtime wages in accordance with the FLSA).  I find plaintiff's claim for unjust enrichment to be without merit.

## CONCLUSION

For the reasons set forth above, I find that Rowe was a professional employee exempt from overtime compensation requirements.  Accordingly, I grant defendants' motion for summary judgment, deny plaintiff's motion for summary judgment, and dismiss plaintiff's Complaint with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca

MICHAEL A. TELESCA
United States District Judge

DATED:    Rochester, New York
          October 12, 2011